# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| WENDELLA LAMBERT,<br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | Case No. 1:18-cv-116<br>Dlott, J.<br>Litkovitz, M.J.<br><br><br>REPORT AND<br>RECOMMENDATION |

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1). (Doc. 28). The Commissioner filed a response indicating that it does not oppose plaintiff's motion. (Doc. 29).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for

the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $7,077.50 that plaintiff requests falls within the 25% boundary of the

2

$28,310.00 in past-due benefits that plaintiff received. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff has submitted an itemized billing sheet showing that her attorney performed a total of 24.50 hours of work on the case in this Court. (Doc. 28-3). Plaintiff has also submitted a copy of the contingency fee agreement she entered into with counsel under which she agreed to pay counsel a contingency fee of 25% of past-due benefits. (Doc. 28-2). As evidence of a reasonable rate, plaintiff relies on counsel's affidavit. In her affidavit, counsel states that she was admitted to practice in Ohio in November 2003; she is a member of the bars of the Supreme Court of Ohio and the United States District Court for the Southern District of Ohio; she has handled Social Security claims since 2003; Social Security claims have represented a majority of her practice since mid-2005; and she has represented Social Security claimants before the Southern District of Ohio since 2007. (Doc. 28-1).

Dividing the $7,077.50 requested by counsel by the 24.50 hours counsel worked on the case before this Court yields a hypothetical hourly fee of $288.88. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 421-22 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a

3

district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

Counsel represents that she has historically provided a normal hourly rate of $165.00 for work on federal court appeals based on her background and experience. (Doc. 28 at 3). The hypothetical hourly rate of $288.88 in this case is less than twice counsel's standard hourly rate. In addition, judges in this Court have approved substantially higher effective hourly rates in contemporaneous and comparable disability appeals than the $288.88 hourly rate requested by plaintiff here. *See, e.g., Scott v. Comm'r of Soc. Sec.*, No. 1:16-cv-697, 2018 WL 4109412, at *5 (S.D. Ohio Aug. 29, 2018) (Report and Recommendation), *adopted*, 2018 WL 4690785 (S.D. Ohio Sept. 28, 2018) (and cases cited therein with effective hourly rates ranging from $539.57 to $709.00 per hour).

Considered in the context of the attorney fees awarded in comparable cases, the undersigned finds that the hourly rate of $288.88 does not exceed the amounts typically awarded in such cases and does not constitute a windfall to plaintiff's counsel. Plaintiff's counsel did not unduly delay the resolution of this matter, and she achieved an excellent result in this case by obtaining a favorable disability determination in which this Court remanded plaintiff's case for an award of benefits. Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel assumed the risk of non-payment.

In view of these considerations and having reviewed plaintiff's § 406(b) fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $7,077.50 is reasonable for the work plaintiff's counsel performed in this Court. Counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of EAJA fees in the amount of $4,042.50 (*see* Doc. 27), as required under *Jankovich v. Bowen*, 868

F.2d 867, 871 n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or he disability award to his or her counsel" and should be awarded to the client). (Doc. 28 at 3). To the extent the $4,042.50 EAJA fee has been paid to counsel, that fee must be refunded to plaintiff.

The Court therefore **RECOMMENDS** that plaintiff's § 406(b) motion for attorney fees be **GRANTED** and counsel be **AWARDED** attorney fees in the amount of **$7,077.50** under 42 U.S.C. § 406(b)(1)(A).

Date: 11/5/19

Karen L. Litkovitz
United States Magistrate Judge

5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WENDELLA LAMBERT,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:18-cv-116
Dlott, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).